UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GRIMES, | ) 1:13cv00393 DLB PC |
| | ) |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT |
| | ) WITH LEAVE TO AMEND |
| vs. | ) |
| | ) |
| BITER, et al., | ) **THIRTY-DAY DEADLINE** |
| | ) |
| Defendants. | ) |

Plaintiff Joseph Grimes ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on March 18, 2013.[1] He names Kern Valley State Prison ("KVSP") Warden Biter, KVSP Physical Therapist Doe 1, KVSP Correctional Officer Doe 2 and California Governor Edmond "Jerry" Brown as Defendants.

A.   **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on June 3, 2013.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at California State Prison, Sacramento. The events at issue occurred while Plaintiff was incarcerated at KVSP.

Plaintiff is a Protective Custody Inmate. He alleges that on December 20, 2010, he was receiving physical therapy from Defendant Doe 1. At that time, he contends that Defendant Correctional Officer Doe 2 un-handcuffed and un-shackled a general population inmate. The general population inmate attacked Plaintiff with an inmate-manufactured weapon. Plaintiff contends that he suffered irreparable scarring to his face and emotional injuries.

Based on these facts, Plaintiff contends that Defendants failed to protect him.

C.     **ANALYSIS**

1.     Defendants Biter and Brown

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934.

Supervisory defendants may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to Defendants, and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind

the violation.  <u>Starr</u>, 652 F.3d at 1205; <u>Jeffers v. Gomez</u>, 267 F.3d 895, 914-15 (9th Cir. 2001); <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446-47 (9th Cir. 1991); <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989).

As to Defendant Biter, there is no indication that he was involved in the alleged deprivation in any way.  Defendant Biter did not participate or direct the alleged violation, and he did not know of the violation and fail to prevent it.  Plaintiff contends that Defendant Biter was responsible for the implementation of policies relating to the protection of inmates, the conduct of his subordinate employees and the training, supervision and discipline of custody staff.  These generalized statements, however, are insufficient to support a finding of liability.  Plaintiff therefore fails to state a claim against Defendant Biter.

Similarly, Plaintiff names Defendant Brown in a supervisory position.[2]  He alleges that Defendant Brown is responsible for the overall legal operations of the California Department of Corrections and Rehabilitation.  However, these allegations do not support a finding of personal participation in any way.

Insofar as Plaintiff cites California Government Code section 3108, his argument is unavailing.[3]  Section 3108 provides that any public employee who makes false statements while taking an oath is guilty of perjury.  Plaintiff argues that Defendants, who presumably took an oath, committed perjury by failing to support the state and federal constitutions.  Even assuming that Plaintiff's theory supports a finding of perjury, which it does not, Section 3108 provides for a criminal penalty and has no relevancy in a civil action.

Finally, insofar as Plaintiff alleges that Defendants Biter and/or Brown negligently hired and retained any Defendant, the theory does not support liability under these facts.  "California

---

[2] Contrary to Plaintiff's description, Defendant Brown is not the director of the California Department of Corrections and Rehabilitation.  Defendant Brown is the governor of California.

[3] This Court may exercise supplemental jurisdiction over state claims where the complaint properly alleges federal causes of action.  28 U.S.C. § 1367(a).  Here, however, Plaintiff has not stated any federal claims for the reasons discussed below and the Court would therefore not have jurisdiction over Plaintiff's state claims.

case law recognizes the theory that an employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee." Doe v. Capital Cities, 50 Cal.App.4th 1038, 1054 (Ct. App. 1996). "[T]he cornerstone of a negligent hiring theory is the risk that the employee will act in a certain way and the employee does act that way." Id. at 1055.

Plaintiff has alleged no specific facts to show that Defendants Biter and/or Brown "knew or should have known that hiring" Defendants Doe 1 or 2 "created a particular risk or hazard and that particular harm materialized." Id. at 1054. Accordingly, the Court finds Plaintiff's complaint fails to state a claim for relief under a negligent hiring theory.

Accordingly, Plaintiff fails to state a claim against Defendants Biter and Brown.

2.     Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

In his complaint, Plaintiff contends that Correctional Officer Doe 2 and Physical Therapist Doe 1 failed to protect him from attack by the general population inmate. He alleges that the Correctional Officer un-handcuffed the inmate, which gave the inmate direct physical access to Plaintiff. Plaintiff does not, however, as to either Doe 1 or Doe 2, allege that they acted with the requisite intent. A prison official's actions, or inactions, rise to the level of an Eighth

Amendment violation only where the official *knew of and disregarded a substantial risk of serious harm* to Plaintiff.  Plaintiff alleges no facts to support a finding that either Doe 1 or Doe 2 knew that an attack would result and disregarded the risk of harm.  In fact, Plaintiff continuously uses the term "negligent" in describing their actions.  The Eighth Amendment requires more than just negligent behavior.

Moreover, although Plaintiff groups Doe 1, the Physical Therapist, in with Doe 2, there are even less facts to support a finding of deliberate indifference against Doe 1.  According to Plaintiff, Doe 1 was providing Plaintiff with physical therapy at the time of the attack and had nothing to do with the manner in which the general population inmate was transported.  Plaintiff makes no allegations that Doe 1 knew that an attack was forthcoming.

For these reasons, Plaintiff fails to state a claim against either Doe 1 or Doe 2.

The Court will permit Plaintiff to amend his complaint, but he should only do so if he can, in good faith, correct the deficiencies noted above.

### D. **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated: **September 29, 2013**        /s/ Dennis L. Beck
                                     UNITED STATES MAGISTRATE JUDGE