# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GRIMES, | ) 1:13cv00393 DLB PC |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| vs. | ) |
| BITER, et al., | ) |
| Defendants. | ) |

Plaintiff Joseph Grimes ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on March 18, 2013.[1] Pursuant to Court order, Plaintiff filed a First Amended Complaint on December 2, 2013. Plaintiff filed a Second Amended Complaint ("SAC") on March 13, 2014. He names Physical Therapist John Doe and Correctional Officer John Does 1-10 as Defendants.

**A.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on June 3, 2013.

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.      **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Salinas Valley State Prison in Soledad, California. The events at issue occurred while Plaintiff was incarcerated at Kern Valley State Prison.

Plaintiff is a Protective Custody Inmate. He alleges that on December 20, 2010, he was receiving physical therapy in the physical therapy office. Plaintiff alleges that Correctional Officer John Doe 1 was supposed to be at a post at the physical therapy office door while Plaintiff received physical therapy. He alleges that John Doe 1 was assigned to watch Plaintiff because he was a Protective Custody Inmate.

Plaintiff alleges that he was attacked by a "keep away inmate." ECF No. 17, at 3. Plaintiff contends that Correctional Officers Does 1 through 10 violated policy by uncuffing a general population inmate and letting him out of a secure cage to attack Plaintiff. Plaintiff was attacked with an inmate-manufactured weapon.

Defendants took Plaintiff to a doctor for treatment, which involved butterfly bandages and a tetanus shot. As a result of the attack, Plaintiff has a scar on his face.

Plaintiff alleges that Physical Therapist John Doe and Correctional Officer Does 1 through 10 failed to prevent Plaintiff from being attacked as required by applicable regulations. He believes that Defendants "were malicious, fraudulent and oppressive with the cruel intention of injuring Plaintiff." ECF No. 17, at 3.

Plaintiff further alleges that Defendants failed to follow procedure requiring that they take pictures of the weapon and injuries and write an incident report. He believes that Defendants attempted to cover up the incident.

Plaintiff alleges that Defendants failed to protect him, in violation of the Eighth and Fourteenth Amendments.

**C.     ANALYSIS**

  1. Eighth Amendment

  The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

  In his complaint, Plaintiff contends that Physical Therapist Doe and Correctional Officers Does 1 through 10 failed to protect him from attack by the general population inmate. He alleges that a Correctional Officer left his post, and either this Correctional Officer or another uncuffed a general population inmate and let him out of a secure cage. Based on these facts, Plaintiff contends that Defendants failed to protect him from injury and attempted to cover up the incident.

  In the prior screening order, the Court explained that Plaintiff failed to allege that Defendants acted with the requisite intent. He has failed to correct the deficiency in his SAC. A prison official's actions, or inactions, rise to the level of an Eighth Amendment violation only where the official *knew of and disregarded a substantial risk of serious harm* to Plaintiff. Plaintiff alleges no facts to support a finding that any Defendants knew that an attack would result and disregarded the risk of harm.

For example, Plaintiff alleges that Correctional Officer Doe 1 left his post, but is unclear if Doe 1 even had anything to do with the general population inmate. Leaving a post, without more, is insufficient to impose liability.

Moreover, while Plaintiff names the physical therapist as a Defendant, there are no facts to support a finding that he contributed in any way to the alleged incident. According to Plaintiff, Physical Therapist Doe was simply providing Plaintiff with physical therapy at the time of the attack and had nothing to do with the manner in which the general population inmate was handled.

Although Plaintiff states that Defendants had a "cruel intention of injuring" him, his conclusory allegations, without factual support, are insufficient to state a claim. Iqbal, 129 S. Ct. at 1949.

For these reasons, Plaintiff fails to state a claim against any Defendant. Plaintiff was given an opportunity to correct these deficiencies but has not provided the Court with any additional factual allegations.

### 2. Fourteenth Amendment

Although Plaintiff alleges a violation of the Fourteenth Amendment based on Defendants' alleged failure to protect him from the attack, his claim is properly analyzed under the Eighth Amendment. Plaintiff presents no facts to support a separate theory of liability under the Fourteenth Amendment.

## D.   CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. In the prior screening order, the Court permitted an opportunity to amend. However, Plaintiff's SAC provides little, if any, additional factual allegations. The Court therefore finds that further leave to amend is not warranted. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, Plaintiff's SAC is DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim for which relief may be granted.

<u>This terminates this action in its entirety</u>.

IT IS SO ORDERED.

Dated:   **August 13, 2014**                              /s/ *Dennis L. Beck*
                                                                              UNITED STATES MAGISTRATE JUDGE