# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GRIMES, | ) 1:13cv00393 DLB PC |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION ) TO ALTER OR AMEND JUDGMENT |
| vs. | ) (Document 20) |
| BITER, et al., | ) |
| Defendants. | ) |

Plaintiff Joseph Grimes ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on March 18, 2013.[1] Pursuant to Court order, Plaintiff filed a First Amended Complaint ("FAC") on December 2, 2013. Plaintiff filed a Second Amended Complaint ("SAC") as of right on March 13, 2014.

On August 13, 2014, the Court screened Plaintiff's SAC and dismissed it without leave to amend.

On August 25, 2014, Plaintiff filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on June 3, 2013.

1

## DISCUSSION

"A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" McDowell v. Calderon, 197 F.3d 1253, 1254 (9th Cir.1999) (internal citation omitted).

In this case, the Court screened Plaintiff's original complaint and explained why his allegations were deficient. Plaintiff was provided with the legal standards for an Eighth Amendment claim and was given an opportunity to amend.

Plaintiff filed his FAC on December 2, 2013. On February 7, 2014, Plaintiff filed a motion to file an amended complaint, stating that he had not clearly stated a claim in the prior complaint. Plaintiff also explained that he was transferred "and different lay persons cause different and difficultly helping." ECF No. 14, at 2. The Court granted Plaintiff's request on February 14, 2014. Plaintiff filed his SAC on March 13, 2014.

On August 13, 2014, the Court screened Plaintiff's SAC and found that despite the Court's prior instructions, Plaintiff had not alleged facts to state an Eighth amendment claim.

In Plaintiff's motion to alter or amend the judgment, he first states that he "assumed" the Magistrate Judge would take into consideration his literacy, communication skills, educational level and litigation experience. ECF No. 20, at 1. Inherent in the screening process, however, is the recognition that Plaintiff is pro se and likely not an experienced litigator. While the Court is lenient with a pro se plaintiff, it does not alter the requirement that a plaintiff must allege sufficient facts to state a claim under the applicable legal standards. Moreover, the Court had no difficulty understanding Plaintiff's allegations.

Plaintiff also requests another opportunity to amend because he now has legal assistance from a jailhouse lawyer. However, Plaintiff has had two opportunities to amend *after* receiving the initial screening order that set forth why his factual allegations were insufficient. That

Plaintiff may now have a jailhouse lawyer is not grounds to reopen this action.  Plaintiff's SAC was dismissed because he did not state adequate *factual* allegations despite explanation as to why his facts were deficient.  In other words, it is unclear how further assistance can create adequate factual allegations and the Court will not reopen the action on this basis.

      Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

   Dated:   **September 2, 2014**                         /s/ *Dennis L. Beck*
                                                            UNITED STATES MAGISTRATE JUDGE